856 F.2d 195
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
PROPERTY CONCEPTS, INC., Plaintiff,
Property Concepts, Inc.; Peter W. Harris; Ralph E. Brady,
Counter Defendants- Appellants,
v.
SOUTHERN FLORIDABANC SAVINGS ASSOCIATION, and S.F.B. Capital
Corporation, Defendants-Appellees.
 No. 87-5998.
 United States Court of Appeals, Sixth Circuit.
 Sept. 1, 1988.
 
 Before ENGEL, Chief Circuit Judge, MILBURN, Circuit Judge, and DAVID D. DOWD, Jr., District Judge*.
 PER CURIAM.
 
 
 1
 Appellants Property Concepts, Inc. ("PCI"), Peter Harris, and Ralph Brady appeal from the order of the district court granting summary judgment to appellee Southern Floridabanc Savings Association ("SFB") in this diversity contract action. In 1984, the parties to this appeal began discussing the possibility of SFB providing financing to PCI for the purchase and development of a commercial-residential complex in Sumner County, Tennessee. Subsequently, PCI executed three separate promissory notes to SFB totaling $390,000.00. Each note was accompanied by guaranties executed by Harris and Brady in their individual capacities.
 
 
 2
 On July 11, 1985, SFB sent PCI a Letter of Commitment that, once accepted by PCI, provided for a total loan of 6.6 million dollars. The Letter of Commitment contained several conditions precedent to any obligation on the part of SFB to fund a loan to PCI, however, including a requirement that PCI return the executed Letter of Commitment to SFB, along with a one million dollar Letter of Credit, by close of business on July 15, 1985. PCI accepted the document on July 15, 1985, but it is undisputed that PCI failed to provide the required Letter of Credit and did not return the Letter of Commitment to SFB within the contract's deadline.
 
 
 3
 Accordingly, PCI contends on appeal that (1) the district court erred in entering summary judgment because a disputed material fact existed regarding its breach of contract claim; i.e., whether or not SFB waived the conditions contained in the Letter of Commitment; whether the conditions were, in fact, performed; whether the conditions were material to the closing; and whether SFB excused the conditions through anticipatory breach of the agreement; (2) the district court erred in granting summary judgment because there is a dispute as to whether SFB used its best efforts to locate a loan participant pursuant to the Letter of Commitment; and (3) the district court erred in holding that there is no disputed material fact as to whether PCI, Brady, and Harris were released from any further liability to SFB under the notes and guaranties.
 
 
 4
 Upon consideration of the entire record, the briefs filed herein, and after oral argument, we AFFIRM the judgment of the district court for the reasons stated in its thorough and carefully written Memorandum Opinion and Order of July 22, 1987.
 
 
 
 *
 Honorable David D. Dowd, Jr., Judge, United States District Court for the Northern District of Ohio, sitting by designation